

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| OLIVIA STANDIFER, | § | |
| Individually and on behalf of all | § | |
| Persons similarly situated, | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CASE NO. CV02-HGD-0446-W |
| | § | |
| FRANKLIN COLLECTION | § | |
| SERVICES, INC., | § | |
| Defendant. | § | |

**JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT AGREEMENT AND NOTICE TO THE CLASS**

Plaintiff **OLIVIA STANDIFER Individually and on behalf of all Persons similarly situated** ("Plaintiff") and Defendant **FRANKLIN COLLECTION SERVICES, INC.** ("Defendant") respectfully request that the Court enter an order granting preliminary approval of the Class Settlement Agreement attached hereto as <u>Appendix A</u>. In support of this motion, the parties state as follows:

1. Plaintiff filed the above captioned lawsuit alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA") and the federal Truth-in Lending-Act, 15 U.S.C. §1638 *et seq*. and 12 C.F.R. §§ 226.4 and 226.18 ("Regulation Z"). Specifically, Plaintiff alleged that a debt collection letter mailed by Defendant to Plaintiff and the putative class was false and misleading, in violation of §1692e. See, *Miller v. McCalla Raymer, Padrick, Cobb, Nichols and Clark, LLC*, 214 F.3d 872 (7th Cir. 2000).

2. Counsel for Plaintiff and Defendant have reviewed and analyzed the legal and factual issues presented in this action, the risks and expense involved in pursuing the litigation to conclusion, the likelihood of recovering damages in excess of those obtained through this settlement, the protracted nature of the litigation and the likelihood, costs and possible outcomes of one or more procedural and substantive appeals. Based upon their review and analysis, Plaintiff and Defendant entered into the Agreement.

3. The parties desire to settle and compromise the litigation on the terms and conditions embodied in the Agreement and agree as follows:

　　　　a. <u>Class Certification</u>. On March 2, 2004, the court granted plaintiff's motion for class certification. The class consists of:

> (1) everyone who entered into contractual debt consolidation agreements with Franklin Collection Services, Inc. in the form represented by <u>Exhibit 1</u> attached to the Plaintiff's Class Action Complaint, (2) on or after February 1, 2001 and before February 1, 2002. Excluded from the Class are Franklin, the officers, directors, and shareholders of Franklin, or any Affiliate of Franklin, members of each of their immediate families and each of their legal representatives, heirs, successors or assigns, any government entity, all judicial officers in the United States and all their relatives within the third degree of kinship, and any entity in which Franklin has or had a controlling interest.

The class, as defined, consists of approximately 122 individuals.

　　　　b. <u>Class Notice</u>. The Defendant will give, or cause to be given, notice to the class members by U.S. Mail which permits the provision of address correction information. The notices shall be mailed by Defendant directly or by a third-party administrator at the choice of the Defendant.

　　　　c. <u>Class Members' Right to Opt Out</u>. Class members may seek to be excluded from the Agreement and the lawsuit by opting out of the settlement class within the time

2

period set by this Court. Any member who opts out of the settlement class shall not be bound by the terms of the Agreement and shall not be entitled to any of the monetary benefits set forth in the Agreement. Payment will be made to all class members who do not timely opt out.

        d.    <u>Relief to Plaintiff and the Class</u>. Defendant agrees to pay to the Class the sum of $60 to each class member who does not timely and properly opt out. Defendant agrees to pay $2,000 to OLIVIA STANDIFER. Upon Court approval, Defendant shall pay plaintiff's reasonable attorneys fees and costs. Each class member who does not exclude his or herself will receive a check in the amount of $60, void after 90 days of issuance. Given the risks associated with a jury trial Plaintiff's counsel determined that the class award is a fair and reasonable compromise.

        e.    <u>Attorney's Fees and Costs</u>: Attorney's fees have not been agreed to by the parties as of yet. Defendant shall bear the costs of class notice and distribution of settlement funds.

    4.    Counsel for Plaintiff and the proposed class believe that the settlement of these actions on the terms and conditions set forth in the Agreement is fair, reasonable, and adequate, and would be in the best interest of the class members.

    5.    The parties have submitted a draft preliminary approval order, attached to the Agreement as <u>Exhibit 2</u>. The parties request 30 days from the date of the entry of the order to cause notice to be mailed to the class. The parties also request that the class members be allowed 45 days from the date of mailing to opt-out or object. Lastly, the parties request a date for a hearing on the fairness of the settlement at least three weeks following the class members' deadline, so that the class members' submissions can be processed.

    WHEREFORE, the parties respectfully request that the Court enter an order in the

form of <u>Exhibit 2</u> to the Agreement, which (i) grants preliminary approval of the proposed settlement, (ii) directs the mailing of notice, in the form of <u>Exhibit 1</u> to the Agreement, and (iii) sets dates for opt-outs, and objections, and schedules a hearing for final approval under Fed. R. Civ. P. 23(c)(2).

Respectfully submitted,

_____
Steven P. Gregory
DICE & GREGORY, L.L.C.
2824 Seventh Street
Tuscaloosa, Alabama 35401
Chicago, IL 60603
(205) 758-2824 telephone
(205) 758-4538 telecopier

_____
Leon R. Storie, Esq.
2824 7th Street
Tuscaloosa, Alabama 35401
(205) 344-5516 telephone
(205) 758-4538 telecopier

_____
James D. Smith, Esq.
LAW OFFICES OF JAMES D. SMITH
2820 Seventh Street
Tuscaloosa, Alabama 35401
(205) 759-4004 telephone
(205) 752-0325 telecopier

_____
Keith Wier
DAW & RAY, P.C.
Coastal Bank Plaza
5718 Westheimer, Ste. 1750
Houston, TX 77057
(713) 226-3121
(713) 226-3188   (FAX)

form of <u>Exhibit 2</u> to the Agreement, which (i) grants preliminary approval of the proposed settlement, (ii) directs the mailing of notice, in the form of <u>Exhibit 1</u> to the Agreement, and (iii) sets dates for opt-outs, and objections, and schedules a hearing for final approval under Fed. R. Civ. P. 23(c)(2).

Respectfully submitted,

_____
Steven P. Gregory
DICE & GREGORY, L.L.C.
2824 Seventh Street
Tuscaloosa, Alabama 35401
Chicago, IL 60603
(205) 758-2824 telephone
(205) 758-4538 telecopier


_____
James D. Smith, Esq.
LAW OFFICES OF JAMES D. SMITH
2820 Seventh Street
Tuscaloosa, Alabama 35401
(205) 759-4004 telephone
(205) 752-0325 telecopier

_____
Leon R. Storie, Esq.
2824 7th Street
Tuscaloosa, Alabama 35401
(205) 344-5516 telephone
(205) 758-4538 telecopier

/s/ Keith Wier
_____
Keith Wier
DAW & RAY, P.C.
Coastal Bank Plaza
5718 Westheimer, Ste. 1750
Houston, TX 77057
(713) 226-3121
(713) 226-3188   (FAX)

4

EXHIBITS

NOT

SCANNED