IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

FILED
04 MAY 11 PM 2:31
N.D. OF ALABAMA

| | | |
|---|---|---|
| OLIVIA STANDIFER, individually and on behalf of all persons similarly situated, | ) ) ) | |
| Plaintiff | ) ) | |
| vs. | ) ) | CASE NO. CV02-HGD-0446-W |
| FRANKLIN COLLECTION SERVICES, INC., | ) ) ) | **ENTERED** |
| Defendant | ) ) | MAY 1 1 2004 |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

### PRELIMINARY APPROVAL ORDER

This matter coming before the Court on the parties' joint request for preliminary approval of a Class Settlement Agreement ("Agreement") between Plaintiff Olivia Standifer and Defendant Franklin Collection Services, Inc. (Franklin), and notice to the class, the Court being fully advised in the premises, it is hereby ORDERED:

1. The Court finds that the proposed settlement is within the range of fairness and reasonableness and grants preliminary approval to it.

2. On March 2, 2004, the Court certified the class pursuant to Rule 23(b)(3), Fed.R.Civ.P., consisting of:

> (1) everyone who entered into contractual debt consolidation agreements with Franklin Collection Services, Inc., in the form represented by <u>Exhibit 1</u> attached to plaintiff's Class Action Complaint, (2) on or after February 1, 2001, and before February 1, 2002. Excluded from the Class are Franklin, the officers, directors and shareholders of Franklin, or any Affiliate of Franklin, members of each of their immediate families and each of their legal representatives, heirs, successors or assigns, any government entity,

38

                all judicial officers of the United States and all their relatives within the third degree of kinship, and any entity in which Franklin has or had a controlling interest.

The class, as defined, consists of approximately 122 individuals.

        3.        A hearing on the fairness and reasonableness of the Agreement and whether final approval shall be given to it and the requests for fees and expenses by counsel for the class will be held before this Court on **September 9, 2004**, commencing at **10:00 a.m.** in the Hugo L. Black Federal Courthouse in **Birmingham, Alabama**.

        4.        The Court approves the proposed form of notice to the class, to be directed to the last known address of the class members as shown on Defendant's records. Defendant will mail, or cause to be mailed, notice to class members on or before **June 18, 2004**. Defendant also will cause the settlement checks to be distributed. In both cases, any mail returned with a forwarding address will be re-mailed one time only. Defendant will have the notice sent by any form of first class mail that provides address forwarding mail to each address. Any class members whose notices are returned because of an incorrect, outdated, or otherwise undeliverable address, shall be processed one time only through an agreed upon skip tracing service, and if a new address is discovered for said class member, notice shall be sent to the newly discovered address.

        5.        The Court finds that mailing of class notice and the other measures specified above to locate and notify members of the class is the only notice required and that such notice satisfies the requirements of due process and Rule 23, Fed.R.Civ.P.

        6.        Class members shall have until **August 6, 2004**, to opt out or object to the proposed settlement. Any class members who desire to exclude themselves from the action must file a request for exclusion with the Clerk of the United States District Court for the Northern District of Alabama,

Western Division, and serve copies of the request on counsel for both Plaintiff and Defendant by that date. Any class members who wish to object to the settlement must submit an objection in writing to the Clerk of the United States District Court for the Northern District of Alabama, Western Division, and serve copies of the objection on counsel for both Plaintiff and Defendant by that date. Any objection must include the name and number of the case and a statement of the reasons why the objector believes that the Court should find that the proposed settlement is not in the best interests of the class. Objectors who have filed written objections to the settlement must also appear at the hearing and be heard on the fairness of the settlement.

DONE this 11th day of May, 2004.

                                        HARWELL G. DAVIS, III
                                      UNITED STATES MAGISTRATE JUDGE