IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| OLIVIA STANDIFER, § <br> Individually and on behalf of all § <br> Persons similarly situated, § <br>     Plaintiff, § <br> § <br> VS. § <br> § <br> FRANKLIN COLLECTIONS § <br> SERVICES, INC., § <br>     Defendant. § | CASE NO. CV02-HGD-0446-W |

**PETITION OF CLASS COUNSEL FOR AWARD OF FEES AND EXPENSES**

Petitioners[1] hereby request the Court approve an award of attorneys' fees and expenses in the total amount of $80,000 and a "private attorney general" award to the Class Representative, Olivia Standifer, in the amount of $1,000. The substantive claims in this case were filed, and are being settled, pursuant to two federal statutes which contain fee-shifting provisions, the Truth in Lending Act and the Fair Debt Collection Practices Act. For this reason, and in order to avoid reducing the amount of cash available to pay Class Members, Class Counsel respectfully submit that the Defendant should be ordered to pay Class Counsel's fees out of funds separate from the funds utilized to pay Class Members and that those fees should be calculated utilizing the "lodestar" approach. Defendant has agreed to this procedure and has agreed not to object to any request for fees and costs not exceeding, in the aggregate, $80,000. Stipulation of Settlement, ¶ 2.09.

---

[1] Petitioners are Steven P. Gregory, James D. Smith, and Leon R. Storie, counsel for plaintiffs and the class appointed as class counsel by order of this Court dated March 2, 2004.

1

The Settlement in this case is a "claims-made" settlement; that is, the Defendant has agreed to pay make available a total of $25,135 to each and every identifiable Class Member who files a claim. Stipulation of Settlement, ¶ 2.06(c). Each Class Member's payment, however, is limited to $27.50. *Id.*, ¶ 2.06(b).

In support of their petition, Petitioners are filing the Plaintiffs' Memorandum of Law in Support of Final Approval of Proposed Settlement and the Petition for an Award of Attorneys' Fees and Expenses ("Memorandum"). In further support of the Petition, Petitioners state as follows:

1. Petitioners have prosecuted this *sui generis* case seeking recovery for Plaintiffs and the Class Members pursuant to the Truth in Lending Act and the Fair Debt Collection Practices Act on an entirely at-risk, contingent fee basis, expending more than 320 hours of professional time and advancing costs and expenses in excess of $1,000.00.

2. The requested private attorney general award to the class representative is fair and reasonable. The Defendant has agreed to pay a private attorney general award to the class representative in the amounts of $1,000 to Ms. Standifer. Stipulation of Settlement, ¶6.10. This payment will be paid separately from funds available to the class.

Numerous courts have held incentive awards to class representatives to be appropriate. *See Newberg on Class Actions* § 11.38 (3d ed. 1992) and cases cited therein. Incentive awards are particularly appropriate as here when the class representatives perform services such as giving depositions and monitoring the litigation

3. The requested fee is amply justified by several factors, including: (i) Franklin Collection Services, Inc., will be paying the fees and expenses, and that payment will not reduce

the substantial relief to be paid to each Class Member; (ii) the efforts of Petitioners which assisted in achieving the result for the consumer Class Members; (iii) the significant contingent risks faced in the litigation and the risk of non-payment or inability to pay viewed as of the time of negotiating the settlement; (iv) the unique nature of the litigation; (v) the sizable cash benefit provided to each Class Member, particularly as compared to both the detriment to each Class Member caused by the Defendant's conduct and to the average cash award in consumer class action cases; (vi) the substantial non-cash benefits conferred upon the nationwide class of consumers and upon persons dealing with the Defendant in the future; (vii) the quality of representation by Petitioners; (viii) public policy; (ix) attorneys' fee awards in similar cases; and (x) the positive reaction of the Class.

4. The fee request in this case is only a fraction of the lodestar amount that results from multiplying the hours expended by plaintiffs' counsel by a reasonable hourly rate of $250. This approach is fully supported by the applicable case law, as set forth in the accompanying Memorandum. In fact, as this Court knows, much higher awards are routinely made to counsel in class actions. But the Petitioners have agreed to accept a fraction of what they would be entitled to request because of the unique background of this settlement and out of concern for the benefit to the Class.

5. With respect to litigation costs and expenses, Class Counsel advanced expenses of more than $1,000.00, which is verified by the individual affidavits submitted by Petitioners and attached as exhibits hereto. Petitioners note that the Settlement does not provide for a separate reimbursement for these out-of-pocket costs.

WHEREFORE, for the reasons set forth herein and in the Memorandum, Petitioners

request that the Court award Petitioners the aggregate amount of $80,000, inclusive of all fees and expenses, to be paid directly to Class Counsel by the Defendant.

**DATED:** **September 15, 2005**

Respectfully submitted,

_____
Leon Storie

Leon Storie,
Attorney at Law
2824 Seventh Street
Tuscaloosa, Alabama 35401
(205) 344-5516 - telephone
(205) 758-4538 - facsimile

LAW OFFICES OF JAMES D. SMITH
James D. Smith, Esq.
2820 Seventh Street
Tuscaloosa, Alabama 35401
(205) 759-4004 telephone
(205) 752-0325 telecopier

Gregory Law Firm, P.C.
2001 Dover Bay Ct.
Northport, AL 35473
205-339-5244 telephone
205-278-8572 telecopier

## CERTIFICATE OF SERVICE

I certify that this September 14, 2005, I have caused the foregoing document to be served on counsel for Defendant by having same placed in the United States mail, first-class postage prepaid.

_____